**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 8 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 14-32257 |
| | ) | |
| Lee Michael Schweitzer, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3137 |
| | ) | |
| Samantha Rismiller, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Lee Michael Schweitzer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTIONS FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiff's motion for summary judgment [Doc. # 12], Defendant's Response [Doc. # 13], and Plaintiff's reply [Doc. # 14]. Defendant is the debtor in the underlying Chapter 13 case. In her complaint, Plaintiff alleges that Defendant owes her a debt resulting from his failure to refinance a mortgage on their marital residence. Count One of the complaint alleges that the debt is nondischargeable under 11 U.S.C. § 523(a)(5), and Count Two alleges that it is nondischargeable under § 523(a)(15). Plaintiff's motion seeks summary judgment only on her claim brought under § 523(a)(5). Although procedurally awkward, in his Response, Defendant seeks summary judgment on

Plaintiff's claims under both § 523(a)(5) and (a)(15).

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine dischargeability are core proceedings that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, the court will deny the parties' motions for summary judgment.

## FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Plaintiff and Defendant were married on May 3, 2002. [Pl. Ex. A, p. 1]. They entered into a Separation Agreement on July 26, 2010, that was incorporated by reference into the Decree of Dissolution entered by the Common Pleas Court of Shelby County, Ohio, on September 15, 2010. [*Id.* at 2, 11].

At the time of the dissolution, Defendant had an annual income of approximately $45,000 and Plaintiff had an annual income of approximately $19,000. [Def. Aff. ¶¶ 4-5]. Defendant was residing in the marital residence and did not have the ability to maintain both the first and second mortgage on the property. [*Id.* at ¶ 8]. Plaintiff and the parties' two minor children were residing and continue to reside at the residence of Dave Rismiller, whom Plaintiff later married. [*Id.* at ¶ 9; Pl. Ex. A, p. 1]. Rismiller is gainfully employed and provides necessities for Plaintiff. [Def. Aff. ¶ 10].

Paragraphs two through nine of the Separation Agreement address the parties' marital assets and debts. Paragraph two, entitled "Real Property" addresses the parties' marital residence, which they owned jointly. It required Defendant to assume sole liability for and pay the first mortgage obligation, real estate taxes, utilities, maintenance costs as they came due and to hold Plaintiff harmless thereon. [Pl. Ex. A, p. 5, ¶ 2.1]. It also required him to obtain refinancing of the first mortgage within one year of the Decree of Dissolution. [*Id.* at ¶ 2.2]. The Separation Agreement required Plaintiff to quit claim her interest in the marital residence to Defendant upon him refinancing the first mortgage. [*Id.* at ¶ 2.3]. It further required her to assume sole liability for and pay the second mortgage and to refinance the second mortgage "at the same time [Defendant] refinances the first mortgage. . . ." [*Id.*]. Pursuant to the Separation Agreement, the parties each retained one motor vehicle and were required to indemnify and hold the other harmless on any liability or expenses thereon. [*Id.* at ¶ 3]. In addition, it provides that they each retain bank accounts solely in their name, their joint accounts having already been closed, that Defendant retain certain stock that he owned before their marriage and his 401(k) account and that Plaintiff retain the funds she removed from her

retirement account, free and clear of any claims by the other. [*Id.* at ¶¶ 4-5].  The Separation Agreement provides that all other personal property had been divided fair and equitably to the parties' satisfaction. [*Id.* at ¶ 7].  In addition to the real estate and motor vehicle debt discussed above, the Separation Agreement required Plaintiff to pay and hold Defendant harmless on her student loans, and required Defendant to pay and hold Plaintiff harmless on his student loan, a Citifinancial loan, and a GE Money/Walmart account.

Paragraph eleven of the Separation Agreement, entitled "Spousal Support," provides that neither party is responsible "in any manner whatsoever for the support and maintenance of the other." [Pl. Ex. A, p. 8, ¶ 11].  Paragraph thirteen, entitled "Parental Rights and Responsibilities," provides that a "Shared Parenting Plan providing for the shared care, support, residence and control of their minor children," would govern "all factors relevant to the care, residence and control of the minor children." [*Id.* at ¶ 13].  The Shared Parenting Plan was approved in the Dissolution Decree, which provides that "[p]arental rights and responsibilities [and] child support. . . shall be in accordance with the Shared Parenting Plan and Decree filed in this case." [*Id.* at p. 2].  Although it is not part of the record in this case, there is no dispute that the Shared Parenting Plan did not provide for any payment of child support. [Def. Aff. ¶ 12, Pl. Aff. ¶ 2].  According to Plaintiff, she agreed to waive spousal and child support in return for Plaintiff's agreement to assume a majority of the marital debt, including the first mortgage. [Pl. Aff. ¶ 2].

In October 2013, Plaintiff filed a motion to modify the Shared Parenting Plan and requested child support. [Def. Aff. ¶ 14]. At that time, Defendant was substantially current on the first mortgage payments. [*Id.* at ¶ 13].  On January 23, 2014, an agreed order ("Agreed Order") was entered requiring Defendant to provide health insurance for the children through his employer and to pay child support in the amount of $301.29 per month per child plus two percent processing charge, for a total monthly payment of $680.82. [Pl. Ex. B, ¶¶ 3-4; Def. Aff. ¶ 15].  Defendant maintained the $701.67 payment on the first mortgage until Plaintiff requested child support.  The Agreed Order required Defendant to continue to pay the monthly first mortgage payments and to continue to attempt to refinance the mortgage. [Pl. Ex. B, ¶ 5B].

On June 18, 2014, Defendant filed a petition for relief under Chapter 13 of the Bankruptcy Code. The court granted relief from stay with respect to the marital residence on July 24, 2014.[1] [Case No. 14-32257, Doc. # 27].  The first mortgage was foreclosed and a judgment was entered in state court against Plaintiff in the amount of $71,620.56. [*See* Claim No. 7-1, Ex. B].  The marital residence was sold at a

---

[1] The court takes judicial notice of the contents of its case docket.  Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it)

sheriff's sale. [*See* Amended Claim No. 7-2]. The state court entered a judgment confirming the sale on December 8, 2014. [*Id.*]. Plaintiff has made no payments on the mortgage to the lender since the dissolution of the parties' marriage. [Def. Aff. ¶ 21]. Plaintiff has filed a proof of claim in the underlying Chapter 13 case in the amount of $71,620.56 and an amendment to the proof of claim consisting of the Judgment Entry Confirming Sale and ordering a distribution of $23,911.40 to the mortgage lender, thus resulting in a deficiency of $47,709.16. [*See* Claim No. 7]. Debtor has filed an amended Chapter 13 plan that does not provide priority treatment of that debt. [Case No. 14-32257, Doc. # 35]. The hearing on confirmation of that plan has been continued pending resolution of the issues in this proceeding. [*Id.*, Doc. $ 63].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

In cases such as this, where the parties have both moved for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 n.6 (6th Cir. 1999). The fact that both parties simultaneously argue that there are no genuine factual issues does not in itself establish that a trial is unnecessary, and the fact that one party has failed to sustain its burden under Rule 56 does not automatically entitle the opposing party to summary judgment. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal*

*Practice and Procedure: Civil 3d* § 2720 (1998).

## II. Dischargeability under Chapter 13

In her complaint, Plaintiff seeks a determination that Defendant owes her a debt that is nondischargeable under § 523(a)(5) or, alternatively, § 523(a)(15). Section 523(a) of the Bankruptcy Code provides, in relevant part, as, follows:

> A discharge under section 727, 1141, 1228(a), 1228(b), *or 1328(b)* of this title does not discharge an individual debtor from any debt –
>
> . . . .
>
> (5) for a domestic support obligation; [or]
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. . . .

11 U.S.C.A. § 523(a)(5) & (a)(15) (emphasis added)..

Notably, § 523(a) only governs discharges in a Chapter 13 case that are granted pursuant to § 1328(b). That subsection provides for what is commonly referred to as a hardship discharge when the debtor has not completed payments under his Chapter 13 plan. However, § 1328(a) governs dischargeability of debts in a Chapter 13 case when the debtor completes all payments under the plan and certifies that all amounts payable that are due under a domestic support order have been paid. 11 U.S.C. § 1328(a). That subsection provides that when such circumstances are satisfied "the court shall grant the debtor a discharge of all debts provided for by the plan . . . except any debt . . . of the kind specified in . . . paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." Thus, debts described in § 523(a)(15) are always excepted from a hardship discharge under § 1328(b), but are never excepted from discharge under § 1328(a). By contrast, debts for domestic support obligations are always excepted from a Chapter 13 discharge, whether it is a hardship discharge or not.

Defendant seeks summary judgment, in part, on Plaintiff's nondischargeability claim under § 523(a)(15), arguing that it is inapplicable in a Chapter 13 case. To the extent that he owes Plaintiff a debt of the kind described in that subsection, dischargeability or nondischargeability is self-executing and dependent upon whether he receives a discharge under § 1328(a) or (b). As Defendant's Chapter 13 plan has not yet been confirmed, let alone completed, the type of discharge to which he may be entitled cannot be determined at this time. Nevertheless, a Chapter 13 plan cannot be confirmed unless it provides "for the full payment, in deferred cash payments, of all claims entitled to priority under section 507. . . ." 11 U.S.C § 1322(a)(2). Allowed unsecured claims for domestic support obligations are entitled to first priority under

§ 507. 11 U.S.C. § 507(a)(1)(A). Because the nondischargeability of a domestic support obligation is also self-executing, the court finds that all of the relief that either party is entitled to, and that the court can provide in this proceeding, is a determination of the nature of the obligation at issue owed by Defendant under the Decree of Dissolution, that is, whether the obligation is of the type described in § 523(a)(5) or (a)(15).

### III. Existence of a Domestic Support Obligation vs. Property Settlement

Plaintiff argues that the provision in the Separation Agreement requiring Defendant to hold her harmless from the first mortgage on the marital residence constitutes a domestic support obligation. As explained above, a debt for a domestic support obligation is always excepted from a Chapter 13 debtor's discharge. *See* 11 U.S.C. § 1328(a) & (b) and § 523(a)(5). The 2005 Bankruptcy Abuse Prevention and Consumer Protection Act amended the Bankruptcy Code to specifically define "domestic support obligation." In relevant part, "domestic support obligation" is defined as follows:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> **(A)** owed to or recoverable by--
>
> **(i)** a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative;
> . . . .
>
> **(B)** in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
>
> > **(i)** a separation agreement, divorce decree, or property settlement agreement. . . .

11 U.S.C.A. § 101(14A). Thus, in order to find a domestic support obligation in this case, the court must find (1) the existence of a debt, (2) that is owed to or recoverable by Plaintiff as Defendant's former spouse, (3) the debt is in the nature of alimony, maintenance or support of Defendant or the parties' children, and (4) the debt was established by a separation agreement or divorce decree.

The Bankruptcy Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). Although Plaintiff has made no payments on the first mortgage debt at issue, as Defendant argues, and her claim

6

appears to be contingent on the mortgage lender collecting its judgment against her, it nevertheless is a claim. *See* 11 U.S.C. § 101(5)(A)(defining "claim" to mean a "right to payment, whether or not such right is . . . contingent"). As Plaintiff correctly states, a contingent claim can be estimated for purpose of allowance under the Bankruptcy Code. *See* 11 U.S.C. § 502(c). There is no question that Defendant is liable on such a claim, albeit by estimation under § 502(c) or by satisfaction of the contingency, and that it is recoverable by Plaintiff as his former spouse. There is also no dispute that the obligation to hold Plaintiff harmless from the first mortgage on the marital residence was established in the Separation Agreement and Decree of Dissolution. The court thus finds that the first, second and fourth elements under § 101(14A) are satisfied. However, as discussed below, neither party has shown the nonexistence of genuine issues of material fact relating to the third element.

The issue of whether an assumption of marital debt is "in the nature of alimony, maintenance or support" is determined by federal bankruptcy law, although state law may be consulted for guidance. *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103,1107-08 (6th Cir. 1983). The Sixth Circuit has provided the following four-step analysis for determining when obligations are actually in the nature of alimony, maintenance or support when, as in this case, they are not designated as such:

> First, the obligation constitutes support only if the state court or parties intended to create a support obligation. Second, the obligation must have the actual effect of providing necessary support. Third, if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unreasonable under traditional concepts of support. Fourth, if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law.

*Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517, 520 (6th Cir. 1993) (citing *Calhoun*, 715 F.2d at 1109-10). The burden of demonstrating that an obligation is in the nature of support is on the non-debtor. *Id.*

As to the first step of the analysis, because federal bankruptcy courts are not empowered to create an obligation to support where it did not previously exist, *Calhoun*, 715 F.2d at 1107, "if the debt assumption was not intended as a support obligation by either the parties or the state court, the inquiry ends and the debt is dischargeable." *Jestice v. Jestice (In re Jestice)*, 168 Fed. Appx. 39, 42 (6th Cir. 2006) (citing *Calhoun*, 715 F.2d at 1109). The primary factor in deciding whether an obligation arising under a provision of a separation agreement, which the state court incorporated into its dissolution decree, is in fact in the nature of support, is the intent of the parties. *Henry v. Edwards (In re Edwards)*, 216 B.R. 796, 801 (Bankr. S.D. Ohio 1997). While a bankruptcy court may consider the language contained in the separation

7

agreement and decree of dissolution in determining intent, such language is not dispositive.[2] Rather, the actual substance of the decree and separation agreement prevails over their form. *Luman v. Luman (In re Luman)*, 238 B.R. 697, 705 (Bankr. N.D. Ohio 1999); *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 722-23 (10th Cir. 1993). In making a determination as to the intent of the parties, the court may consider any relevant evidence, including traditional state law indicia of support, which include, but are not limited to, the following:

> (1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits.

*Van Aken v. Van Aken (In re Van Aken)*, 320 B.R. 620, 626 (B.A.P. 6th Cir. 2005). In addition, the court may consider other factors, such as the disparity of earning power between the parties, the need for economic support and stability, the presence of minor children, marital fault, evidence of negotiations or other understandings as to the intended purposes of the assumption of debt. *See id.*; *Luman*, 238 B.R. at 706.

Notwithstanding the provision in the Separation Agreement that neither party shall be responsible "in any manner whatsoever for the support and maintenance of the other Party," [Pl. Ex. A], Plaintiff argues that Defendant's agreement to hold her harmless from the first mortgage obligation on their marital residence was intended as a support obligation. The evidence regarding intent relied upon by Plaintiff includes averments that she could not afford to make the mortgage payments and that she "agreed to waive spousal and child support in return for Plaintiff's agreement to assume a majority of the marital debt, including the first mortgage obligation." [Pl. Ex. C, ¶¶ 2-4, 6]. While this evidence may support a finding regarding Plaintiff's intent, "'the critical inquiry is the shared intent of the parties at the time the obligation arose.'" *Henderson v. Henderson (In re Henderson)*, 200 B.R. 322, 325 (Bankr. N.D. Ohio 1996) (quoting *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 723 (10th Cir. 1993)). The court's determination regarding the parties' intent "'does not turn on one party's post hoc explanation as to his or her state of mind at the time of the agreement, even if uncontradicted.'" *Id.* (quoting *Sampson*, 997 F.2d at 723)). Defendant, for his part, offers his affidavit, stating that it was not the intent of either party to pay spousal support to the other.

Plaintiff also argues that the Agreed Order entered by the state court in 2014 requiring Defendant

---

[2] However, where an obligation is specifically designated by a state court as alimony or support, the Sixth Circuit requires the bankruptcy court to give great deference to that label. *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397, 401 (6th Cir. 1998).

8

to pay $602.58 in child support is evidence that, at the time of their divorce, the hold harmless obligation regarding the first mortgage payment, which was $701.67, was agreed to in exchange for her agreement not to seek child support payments and, thus, was intended as support.  However, Defendant was current on the first mortgage payments at the time Plaintiff filed her motion requesting that the state court modify the child support order, and the Agreed Order did not change Defendant's obligation to pay and hold Plaintiff harmless on the first mortgage debt.  Also, paragraph A of the Agreed Order includes five numbered paragraphs setting forth the provisions that amended the allocation of parental rights and responsibilities, paragraph three of which provides for the $602.58 in child support.  Defendant's continued obligation with respect to the first mortgage obligation is dealt with separately in paragraph B, entitled 908 North Main Street, Sidney, Ohio, which is the parties' marital residence.  Viewing this evidence in a light most favorable to Defendant, as the court must do in ruling on Plaintiff's motion for summary judgment, a reasonable factfinder could find that the first mortgage obligation constitutes a property settlement and was not assumed by Defendant in exchange for an agreement by Plaintiff to not seek child support.  On the other hand, viewing the evidence in a light most favorable to Plaintiff, as the court must do in ruling on Defendant's motion for summary judgment, a reasonable factfinder could find that, at the time of the divorce, the parties did intend that Defendant's assumption of the first mortgage debt was a substitute for payment of child support.

While not dispositive of the issue, the court also notes that none of the state law indicia of support are present.  Defendant's obligation is not labeled as a support obligation, does not require a direct payment to Plaintiff, and is not contingent upon Plaintiff's death or remarriage.  In addition, the parties' separation agreement, incorporated by the state court into its Decree of Dissolution, specifically provides that neither party shall be responsible "in any manner whatsoever" for the support of the other. [Pl. Ex. A, p. 8, ¶ 11.2]. The court also notes that the Decree of Dissolution provides that child support shall be in accordance with the Shared Parenting Plan.  However, the Shared Parenting Plan is not part of the record before the court. Thus, on the record before it, and for the foregoing reasons, the court cannot find that either the state court or the parties intended Defendant's payment of the first mortgage obligation to be a support obligation. Rather, a factual dispute exists as to the parties' intent.

Even if such intent was shown, Defendant's assumption of the first mortgage obligation must have the actual effect of providing necessary support.  As noted in *Calhoun*, "every assumption of a joint loan obligation in a divorce settlement at least indirectly contributes to support . . . even if the assumption of joint marital debts is actually a division of property." *Calhoun*, 715 F.2d at 1108.  Thus, "a more searching inquiry is required" and the court must "inquire whether such assumption has the *effect* of providing the

9

support *necessary* to ensure that the daily needs of the former spouse and any children of the marriage are satisfied." *Id.* at 1109 (emphasis in original). The Sixth Circuit thus instructs:

> "If without the loan assumption the spouse could not maintain the daily necessities, such as food, housing and transportation, the effect of loan assumption may be found 'in the nature of support'. . . . If the loan assumption is not found necessary to provide such support, the inquiry ends and the debtor's obligation to hold the former spouse harmless must be discharged."

*Id.* (internal citations omitted).

Plaintiff avers that Defendant's assumption of the first mortgage payment permitted her the financial stability to provide a home for their children. She cites *In re Thomas,* 511 B.R. 89 (B.A.P. 6th Cir. 2014), for the proposition that a majority of courts have held that a mortgage debt assumed by or ordered to be paid by a debtor pursuant to a judgment of divorce is an obligation in the nature of support, *see id.* at 96, and argues that the facts in this case are analogous to those in *Thomas*. The court initially notes that the cases cited in *Thomas* stand for the proposition that an obligation that enables a party to maintain basic necessities or remain in the marital residence is an obligation in the nature of support. *See id.* (citing *Gianakas v. Gianakas (In re Gianakas)*, 917 F.2d 759, 764 (3d Cir. 1990); *In re Johnson*, 397 B.R. 289, 297-98 (Bankr. M.D.N.C. 2008). Similarly, in affirming the bankruptcy court's determination that the debtor's mortgage obligation was in the nature of support, the Bankruptcy Appellate Panel in *Thomas* noted that "the bankruptcy court's primary focus was the state court's implications that the mortgage obligation was to assist in providing for the children's support by providing them with a home." *Id.* at 97.

By contrast, in this case, Defendant was residing in the marital residence at the time of the parties' divorce, and Plaintiff was to quit claim her interest in the home to Defendant upon his refinancing of the first mortgage. In his affidavit, Defendant avers that Plaintiff and the parties' minor children were residing at the time of the parties' divorce, and continue to reside, at Rismiller's residence. Although Plaintiff also points to the approximately $25,000 annual income discrepancy of the parties, the record is silent as to Rismiller's contribution to Plaintiff's support. On this record, the court finds that neither party has shown the absence of a genuine issue for trial with respect to whether Defendant's assumption of the first mortgage obligation had the actual effect of providing necessary support.

Specifically, the court finds genuine issues exist as to whether the parties intended Defendant's assumption of the first mortgage obligation to be a support obligation, whether the loan assumption enabled Plaintiff to provide a home for their minor children as she contends or whether, without the loan assumption, she could not maintain the daily necessities, such as food, housing and transportation. Accordingly, neither Plaintiff nor Defendant is entitled to judgment determining as a matter of law the nature of the obligation

at issue that is owed by Defendant.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 12] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment set forth in his Response [Doc. # 13] be, and hereby is, **DENIED**.

###